# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff<br><br>v.<br><br>Kejon Ward,<br><br>　　　　Defendant | Case No.: 2:17-cr-00221-JAD-EJY<br><br>**Order Denying Motion to Reduce Sentence under Amendment 821**<br><br>[ECF No. 367] |

　　　Defendant Kejon Ward is serving a 94-month sentence for interference with commerce by robbery and possession of a firearm while committing the crime. Ward moves for a two-point reduction in his sentence based on recent changes to the sentencing guidelines, known commonly as Amendment 821, which authorize the removal of the extra criminal-history points known as "status points" that were added because the defendant committed the crime of conviction while under a criminal-justice sentence. But because the sentence that Ward received was already below the guidelines achieved by applying these guideline changes, I find that he is not eligible for a further sentence reduction and deny his motion.

## Discussion

　　　The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts may apply them retroactively beginning in February 2024.[1] In his pro se motion, Ward argues that he is eligible for a two-point reduction to his criminal-history points under Amendment 821's provision related to status points, added to

---

[1] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).

the guidelines as § 4A1.1.[2]  Status points are additional criminal-history points applied to a defendant who committed his crime of conviction while under another criminal-justice sentence. Because the Commission found that status points are less reliable indicators of rearrest, these changes allow courts to depend less on status points to determine criminal history.[3]  A defendant with seven or more criminal-history points may receive a one-point reduction in his status points, while a defendant with six or fewer criminal-history points may have his status points eliminated for committing his offenses while under a criminal-justice sentence.[4]

The sentencing court may reduce a defendant's sentence based on this status-points amendment if his "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission [under] 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[5]  One such policy statement is found in U.S.S.G. § 1B1.10(b)(2)(A), which states that "the court shall not reduce the defendant's term of imprisonment" under this statute "to a term that is less than the minimum of the amended guideline range. . . ."[6]  So although the sentencing court may reduce a previously sentenced defendant's term of imprisonment based on Amendment 821, it can't do so if the defendant's original sentence was already below the new guideline range.

---

[2] ECF No. 367.  Ward contends that the two-point reduction should be to his offense-level, but because § 4A1.1 only reduces status points, I construe his argument as seeking a reduction to his criminal-history points.

[3] *Id*. at 60535–36; *see also* U.S. Sent'g Comm'n, *Revisiting Status Points* (2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.

[4] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023).

[5] 18 U.S.C. § 3582(c)(2) (cleaned up).

[6] USSG § 1B1.10(b)(2)(A).

This is exactly the problem with Ward's request. He's right that § 4A1.1 eliminates the two criminal-history points that he acquired for committing his current offenses while under a criminal-justice sentence. But, as the Federal Public Defender appointed to represent Ward on this motion under this District's General Order 2023-9 tacitly acknowledges by her notice of non-eligibility,[7] the sentence that Ward received was already well below the amended guideline range based on a variance. Ward received a sentence of 34 months for the interference-with-commerce-by-robbery count plus a mandatory consecutive statutory minimum 60 months for the possession-of-a-firearm-during-a-crime-of-violence count,[8] for a total sentence of 94 months.[9] That 94-month sentence was below the new guideline range achieved under Amendment 821, which is effectively 106–117 months:

| Original guideline calculation | Level 22, Criminal History Category III |
|---|---|
| Original guideline range | 51–63 months (+ 60 months) |
| New guideline range with two-point criminal-history score reduction under § 4A1.1 | 46–57 months (+ 60 months) |
| Original sentence | 34 months (+ 60 months) |

Because any further reduction would reduce Ward's term of imprisonment to one that is less than the minimum of the amended guideline range, I decline to award him a further sentence reduction.

---

[7] ECF No. 374 at 1.
[8] 18 U.S.C. § 924(c)(A)(i)
[9] ECF No. 357.

**Conclusion**

IT IS THEREFORE ORDERED that Kejon Ward's motion for a sentence reduction under Amendment 821 **[ECF No. 367] is DENIED** with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey